UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-61811-CIV-SMITH

ADIDAS AG, *et al.*,

    Plaintiffs,

vs.

GSHWJS, *et al.*,

    Defendants.
_____/

**<u>ORDER GRANTING MOTION FOR ENTRY OF PRELIMINARY INJUNCTION</u>**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Entry of Preliminary Injunction (the "Motion") [DE 6]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

By the instant Motion, Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc. ("Plaintiff") move for entry of a preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" hereto (collectively "Defendants") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court convened a hearing on August 20, 2019, at which only counsel for Plaintiffs was present and available to present evidence supporting the Motion. Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court will now grant Plaintiffs' Motion for Preliminary Injunction.

# I. Factual Background[1]

Plaintiffs are the owners of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "adidas Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ADIDAS | 0,891,222 | May 19, 1970 | IC25. sport shoes namely, track and field shoes, baseball, boxing, football, skating, golf, and soccer shoes; sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes. |
| (adidas trefoil logo) | 0,973,161 | November 20, 1973 | IC 018. tote bags.<br>IC 25. specific purpose athletic shoes; general purpose sport shoes, sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, and gloves. |
| adidas | 1,300,627 | October 16, 1984 | IC 025. Sportswear-Namely, Suits, Shorts, Pants, Tights, Shirts, Jerseys, Socks, Gloves, Jackets, Coats, Swimwear, Sweaters, Caps, Pullovers, Warm-Up Suits, Boots, Shoes, Slippers. |
| (adidas trefoil logo) | 1,310,140 | December 18, 1984 | IC 025. Sportswear-Namely, Suits, Shorts, Pants, Tights, Shirts, Jerseys, Socks, Gloves, Jackets, Coats, Swimwear, Sweaters, Caps, Pullovers, Warm-Up Suits, Rain Suits, Ski Suits, Jump Suits, Boots, Shoes, Slippers. |
| THE BRAND WITH THE 3 STRIPES | 1,674,229 | February 4, 1992 | IC 025. boots, slippers, sandals; shoes, boots and after ski boots for hiking and trekking, athletic shoes and general-purpose sports shoes. |
| CLIMALITE | 1,809,301 | December 7, 1993 | IC 025. Shirts. |
| (shorts design) | 2,278,591 | September 21, 1999 | IC 25. sports and leisure wear, namely, shorts. |

---

[1] The factual background is taken from Plaintiffs' Amended Complaint, Motion, and supporting Declarations submitted by Plaintiffs.

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| (adidas logo) | 2,411,802 | December 12, 2000 | IC 018. All purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks.<br>IC 025. Sports and leisure wear, namely, shorts, pants, shirts, T-shirts, jerseys, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits; boots, sandals, specific purpose athletic shoes and general all purpose sports shoes.<br>IC 028. Sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards. |
| CLIMACOOL | 2,651,581 | November 19, 2002 | IC 025. Clothing, namely, footwear, sport shoes, headwear, shirts, T-shirts, jerseys, underwear, swimwear, shorts, pants, skirts, sweaters, caps, hats, visors, warm up suits, rain suits, ski suits, jumpsuits, boots, sandals, sweat shirts, jackets, uniforms, wrist bands and head bands, gloves and socks. |
| (shorts design) | 2,278,591 | September 21, 1999 | IC 25. sports and leisure wear, namely, shorts. |

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| (adidas trefoil logo) | 3,104,117 | June 13, 2006 | IC 009. Optical apparatus and instruments, namely, eyeglasses and sunglasses.<br>IC 014. Horological and chronometric instruments, namely, watches<br>IC 018. Leather and imitations of leather, and goods made from these materials in the nature of bags for general and sport use, namely, handbags, tote bags, waist packs, overnight bags, backpacks, knapsacks and beach bags; trunks; traveling bags for general and sport use; leather and imitations of leather and goods made from these materials, namely, wallets, briefcases.<br>IC 025. Sports and leisure wear, namely suits, shorts, pants, sweatpants, skirts, skorts, dresses, blouses, shirts, T-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suits, training suits, warm-up suits, swimwear, underwear, socks, gloves, scarves, wristbands and belts; headgear, namely caps, hats, visors, headbands; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes. |
| adidas | 3,255,820 | June 26, 2007 | IC 018. Bags for general and sport use, namely, handbags, tote bags, waist packs, overnight bags, gym bags, duffel bags, backpacks, knapsacks, beach bags, trunks, suitcases and travelling bags, wallets, briefcases, key cases, purses, parasols and umbrellas |
| adidas | 4,679,762 | January 27, 2015 | IC 009. Mobile phone covers; laptop covers and sleeves; protective covers and sleeves for tablet computer. |
| (adidas trefoil logo) | 4,679,763 | January 27, 2015 | IC 009. Mobile phone covers; laptop covers and sleeves; protective covers and sleeves for tablet computer. |

(*See* Declaration of Mia Nidia Gutierrez in Support of Plaintiffs' Motion for Preliminary Injunction ("Gutierrez Decl.") ¶¶ 4-5; *see also* United States Trademark Registrations of the adidas Marks at issue attached as Composite Exhibit 1 to the Amended Complaint.) The adidas Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above. (*See id.* ¶ 5.)

Defendants, by operating e-commerce stores via Internet marketplace platforms under their seller identification names or commercial Internet websites under their domain names identified on Schedule "A" hereto (the "Seller IDs and Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the adidas Marks. (*See* Gutierrez Decl. ¶¶ 13-17; Declaration of Virgilio Gigante in Support of Plaintiffs' Motion for Preliminary Injunction ("Gigante Decl.") ¶ 2; Declaration of Kathleen Burns in Support of Plaintiffs' Motion for Preliminary Injunction ("Burns Decl.") ¶ 4.)

Although each Defendant may not copy and infringe each adidas Mark for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the adidas Marks. (*See* Gutierrez Decl. ¶¶ 13-17.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the adidas Marks. (*See id.* at ¶¶ 13, 16-17.)

Plaintiffs' counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiffs' branded merchandise through the Seller IDs and Subject Domain Names. (Gutierrez Decl. ¶ 14; Burns Decl. ¶ 3; Gigante Decl. ¶ 2.)

Invisible Inc accessed each[2] of the e-commerce stores and commercial Internet websites operating under Defendants' Seller IDs and Subject Domain Names, placed an order for the purchase of a product bearing counterfeits of, at least, one of the adidas Marks at issue in this action, and requested each product to be shipped to Invisible Inc's address in the Southern District of Florida. (*See* Burns Decl. ¶ 4.) Following submission of the orders, Invisible finalized payment for the adidas branded items purchased from Defendants to Defendants' respective payment accounts and/or payee[3] as identified on Schedule "A" hereto.[4] (*Id.*) At the conclusion of the process, the detailed web page captures and images of the adidas branded items Invisible purchased via Defendants' Seller IDs, together with photographs of the some of the items Invisible Inc received, were sent to Plaintiffs' representative for review. (*See* Gutierrez Decl. ¶¶ 14-15; Burns Decl. ¶ 4;

---

[2] Invisible Inc originally made a purchase from the e-commerce store operating under Defendant Number 43's Seller ID, best_jersey_2019. (Burns Decl. ¶ 4, n.1.) However, during the preparation and filing of the Application for Temporary Restraining Order in this case, the seller identification name was subsequently changed to best_jerseys. (*Id.*)

[3] Defendant Numbers 1-16 operate via the non-party Internet marketplace platform, Amazon.com. (*See* Burns Decl. ¶ 4 n.3; Gigante Decl. ¶ 4.) Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. (*See id.*)

Defendant Numbers 17-32 operate via the non-party Internet marketplace platform, AliExpress.com, and have their payments processed on their behalf using Alipay. (*See* Burns Decl. ¶ 4 n.3; Gigante Decl. ¶ 5.) As such, Defendants' payment information is not publicly disclosed. (*See id.*) However, Defendant Number 31 also use money transfer and retention services with PayPal as an alternative payment method. (*See* Burns Decl. ¶ 4 n.3.)

Defendant Numbers 32-69 use money transfer and retention services with PayPal. (*See* Burns Decl. ¶ 4 n.3; Gigante Decl. ¶ 6.)

Upon completion of Invisible Inc's purchase from Defendant Numbers 35 and 63, no PayPal e-mail account was provided on the transaction page. (*See* Burns Decl. ¶ 4 n.3.) However, PayPal is able to identify a PayPal account using the Transaction ID. (*See id.*) Accordingly, the Transaction IDs for Invisible Inc's purchases from Defendant Numbers 35 and 63 are identified on Schedule "A" (*See id.*)

[4] Additional contact email addresses for Defendant Numbers 19, 66-69 are is also identified on Schedule "A" hereto. (*See* Burns Decl. ¶ 4 n.4.)

6

Gigante Decl. ¶ 2.) Plaintiffs' representative conducted a review and visually inspected the adidas branded items Invisible Inc purchased via the Seller IDs and Subject Domain Names and determined the products were non-genuine, unauthorized versions of Plaintiffs' products. (*See* Gutierrez Decl. ¶¶ 16-17.)

On July 19, 2019, Plaintiffs filed their Complaint [DE 1] and thereafter their Amended Complaint on August 12, 2019 [DE 18] against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On July 23, 2019, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 6]. On July 29, 2019, this Court entered a Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") [DE 8] and temporarily restrained Defendants from infringing the adidas Marks at issue and restrained funds in the payment accounts associated with the Defendants. Pursuant to the Court's July 29, 2019 TRO, Plaintiffs properly served Defendants with a copy of the Amended Complaint, the Court's July 29, 2019 TRO, and all filings in this matter [*see* DE Nos. 22 and 23]. On August 20, 2019, the Court conducted a hearing on Plaintiffs' Motion, at which only counsel for Plaintiffs was in attendance.

## II.     Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v.*

7

*Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### III. Conclusions of Law

The declarations Plaintiffs submitted in support of their Motion support the following conclusions of law:

A. Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the adidas Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear copies of the adidas Marks.

B. Because of the infringement of the adidas Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiffs' Amended Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

1. Defendants own or control e-commerce stores via Internet marketplace platforms or commercial Internet websites operating under their seller identification names and domain names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiffs' rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputations, and their goodwill as manufacturers and distributors of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods.

E. Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the adidas Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiffs' Amended Complaint, Motion, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiffs' Motion for Preliminary Injunction [DE 6] is **GRANTED**, according to the terms set forth below:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the adidas Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using the adidas Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the adidas Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the adidas Marks, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores and Internet websites owned and operated, or controlled by them, including the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of

this Order shall immediately discontinue, until further Order of this Court, the use of the adidas Marks, or any confusingly similar trademarks, within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores and Internet websites registered, owned, or operated by any Defendant, including the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores or Internet websites operating under their Seller IDs and Subject Domain Names during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores or Internet websites under their Seller IDs and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores or Internet websites operating under the Seller IDs and Subject Domain Names that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), PayPal, Inc. ("PayPal"), and their related companies and affiliates shall, to the

extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(7) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, AliExpress, Ant Financial Services, Alipay, Worldpay, PayPal, and their related companies and affiliates, shall further, to the extent not already done, provide the Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, AliExpress, Ant Financial Services, Alipay, Worldpay, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(8) Upon receipt of notice of this Order, PayPal and its related company and affiliated shall, to the extent not already done, immediately segregate $15,247.50 of the funds restrained in connection with the PayPal account zhuchtt@126.com, to be designated for Defendant Number 66, and immediately divert those restrained funds to a holding account for the trust of the Court. Thereafter, the restraint on the transfer of the funds in place with respect to the PayPal account zhuchtt@126.com pursuant to the Court's July 29, 2019 TRO shall be released;

(9) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(10) This Order shall apply to the Seller IDs and Subject Domain Names, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the adidas Marks at issue in this action and/or unfairly competing with Plaintiffs;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to

Amazon.com, Inc., PayPal, AliExpress.com, eBay.com, and their related companies and affiliates shall, to the extent not already done, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective Seller IDs;

(13) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of August, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, SUBJECT DOMAIN NAME, STORE ID NUMBER, PAYMENT ACCOUNT, AND EMAIL ADDRESS

| Defendant Number | Defendant / Seller ID / Subject Domain Name | Store ID Number | Payment Account / | Additional Email Address |
|---|---|---|---|---|
| 1 | GSHWJS | A20P3AH46USEFF | | |
| 2 | Elma Spender | A34YEWKBP8TZD4 | | |
| 3 | GEORGINA RHODES | A2B9DGM6285O09 | | |
| 4 | GSTXBC SCKUZ | A2SHENRJRER1X7 | | |
| 5 | H-mmyih | A3NU01C82P76LU | | |
| 6 | huhuxiaodong | A20TFCVO0S3EI1 | | |
| 7 | JIU QI HOME | AAU4R290CHS8Y | | |
| 8 | P.oint | A1HV0ST8WI2C50 | | |
| 9 | QingDaoDaiTeKeJiYouXianGongSi | A30E7ZBM07Q7JI | | |
| 10 | Ruiyang Dang | AQYCNA1YD08DE | | |
| 11 | Shell head | AA79VZB6LW2AH | | |
| 12 | sichen | A2OE59IQBX90UI | | |
| 13 | taoxinfeng | A38709HZPDE9WM | | |
| 14 | YAMAHA King | A16FGTNH74DL1N | | |
| 15 | zhao spring | AHPPW3GII2LFQ | | |
| 16 | 澳森销售有限公司 | A327RCISE90MN7 | | |
| 17 | billsport Store | 4512059 | | |
| 18 | coscosport Store | 4527017 | | |
| 19 | crissneakers Store | 4994117 | | mackagenobis@outlook.com |
| 20 | greatrunner Store | 4544003 | | |
| 21 | hongsport Store | 4504127 | | |
| 22 | Kicks2019 Store | 4834136 | | |
| 23 | normalsport Store | 4503110 | | |
| 24 | SkySport Store | 4767015 | | |

| | | | | |
|---|---|---|---|---|
| 25 | SpaceSport Store | 4778012 | | |
| 26 | SSSSport Store | 4817113 | | |
| 27 | UPSPORT Store | 4784006 | | |
| 28 | WinnerSport Store | 4795007 | | |
| 29 | wiwisport Store | 4497111 | | |
| 30 | ZyySport Store | 4778011 | | |
| 31 | onemax Store | 3628056 | yqw8623305@163.com | |
| 32 | bonzuser_yanqu's booth a/k/a Bonanza User | | cfx696086@163.com | |
| 33 | somer622's booth | | somer622@126.com | |
| 34 | toko si kembar a/k/a Hasan_Husain | | tokokembarlagi@gmail.com | |
| 35 | 3lovemanyu | | 0CJ93517KT401043L | |
| 36 | agann-9607 | | aglisannisa48@gmail.com | |
| 37 | agas6480-211597 | | f2fd6f26@126.com | |
| 38 | asyazl | | asyrafazlan986@gmail.com | |
| 39 | authentecc | | authentekh@gmail.com | |
| 40 | baruise | | baruisee@outlook.com | |
| 41 | benfica_gimbalaia7 | | DonSaffadu@gmail.com | |
| 42 | best_jearsy | | mofahmiy@gmail.com | |
| 43 | best_jersey_2019 | | mahmoudsfahmy001@gmail.com | |
| 43 | best_jerseys | | mahmoudsfahmy001@gmail.com | |
| 44 | dazzrn | | dazrinizzudin@gmail.com | |
| 45 | ferdalchakk_0 | | falchakki@gmail.com | |
| 46 | fiora-91 | | fiora001166@gmail.com | |
| 47 | fitha_fitha | | ithalle@hotmail.com | |
| 48 | flyyuan58 | | 825379689@qq.com | |
| 49 | jersey.store | | abdomahdy2019@outlook.com | |
| 50 | jersey-2019 | | mowis1989.1@gmail.com | |
| 51 | littlegift | | oualidilead@gmail.com | |
| 52 | nara-mil | | vintagejersey_hunter@hotmail.com | |
| 53 | othmane51 | | othmaneannassi@gmail.com | |
| 54 | perfecttinydeals | | iddaoudi22@gmail.com | |
| 55 | phmanh-0 | | caitlyn001166@gmail.com | |
| 56 | private-deals | | bounasser.md@gmail.com | |
| 57 | pzone111 | | salah.eddine.19988@gmail.com | |
| 58 | rustiani | | rusti46ani@gmail.com | |
| 59 | sarlem | | salimawalluddin@gmail.com | |
| 60 | skt-seller | | tuanchauphong123@gmail.com | |
| 61 | sports.jersey | | shehataw53@gmail.com | |
| 62 | store.2000 | | ahmedqusay504@gmail.com | |
| 63 | sxyb0363 | | 1SR609944F528573B | |
| 64 | thunh99 | | kingfish1307@gmail.com | |
| 65 | wholesale.deal | | seddikelhelloumi@outlook.com | |

| | | | | |
|---|---|---|---|---|
| 66 | bestsoccerstore.cn | | zhuchtt@126.com | bestsoccerstore@outlook.com<br>admin@bestsoccerstore.cn |
| 66 | soccerdealshop.cn | | zhuchtt@126.com | soccerdealshop@hotmail.com |
| 67 | blazejerseys.com | | blazejerseys@outlook.com | sales@blazejerseys.com |
| 68 | soccerworldsale.us.com | | avnvoeposv@hotmail.com | order@selectedjerseyshop.com<br>sales@sportstonlineshop.com<br>cs@worldjerseyonline.com |
| 69 | yeezydk.com | | yqy1212@hotmail.com | yeezydk2@gmail.com |